IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ROBERT WAYNE BOGGS,                )
                                    )
            Petitioner,             )
                                    )
       v.                           )    1:09CV400
                                    )    1:02CR29-1
UNITED STATES OF AMERICA,           )
                                    )
            Respondent.             )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Robert Wayne Boggs, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 73.)[1] Petitioner was charged with kidnapping in violation of 18 U.S.C. § 1201(a)(1), transmitting a telephonic communication containing a demand and request for ransom in violation of 18 U.S.C. § 875, and carrying and using firearms during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Docket No. 4.) He proceeded to trial and was convicted on all charges. (Docket No. 37.) Petitioner received concurrent 200-month sentences for the kidnapping and telephonic communications convictions and a consecutive 84-month sentence for the firearm conviction. (Docket No. 42.)

Petitioner did file a direct appeal, which eventually led to the case being remanded for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). (Docket Nos. 59, 60.) The resentencing resulted in the same sentence being given to

---

[1]This and all further cites to the record are to the criminal case.

Petitioner. (Docket No. 63.) Petitioner then filed another appeal. Petitioner's sentence was affirmed by the Fourth Circuit Court of Appeals during his second appeal. (Docket Nos. 71-73.) Petitioner sought to have his case reviewed by the United States Supreme Court, but his petition for certiorari was denied on May 12, 2008. Boggs v. United States, ___ U.S. ___, 128 S.Ct. 2453 (2008).

On May 29, 2009, Petitioner signed and dated his motion under § 2255. Its envelope is post-marked June 1, 2009, and it was received by this Court on June 2, 2009. Respondent has now filed a motion seeking to have Petitioner's motion dismissed for being untimely filed. (Docket No. 76.) Petitioner has filed a response and supporting affidavit opposing Respondent's motion. (Docket Nos. 78, 79.) The parties' motions are now ready for decision.

## **DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

-2-

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of the denial of a petition for certiorari to the United States Supreme Court. <u>Clay v. United States</u>, 537 U.S. 522 (2003). Here, Petitioner's petition for certiorari was denied on May 12, 2008, meaning that he had one year, or until May 12, 2009, to submit his motion. Petitioner's motion was not dated until May 29, 2009, more than two weeks after his time for filing had expired. Even assuming it was mailed on that day, it was not timely under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could

-3-

have been discovered through the exercise of due diligence. Petitioner's claims in his motion are all based on his attorney's actions at trial. Therefore, the facts underlying his claims were known to him by the end of his trial in 2003. This subsection also does not apply and Petitioner's motion is untimely.

Petitioner does not deny that his motion is untimely under the calculations set out above. However, he still seeks to have the Court hear his motion. Petitioner has filed a brief and affidavit stating that, on June 2, 2008, he received a letter from his attorney. The letter, which was dated May 30, 2008, notified Petitioner that his petition for certiorari had been denied and enclosed a copy of a letter from the Supreme Court to counsel which notified counsel of the denial of certiorari. Petitioner states that he does not understand or have knowledge of the legal process and that he was confused in thinking that the year for filing his § 2255 ran from June 2, 2008, the date that he received counsel's letter, rather than May 12, 2008, the date of the denial of certiorari. He adds that he believed his motion was timely when he mailed it on May 29, 2009.

Petitioner's arguments do not affect the legal analysis already set out, but are in the nature of a request for equitable tolling. The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000); <u>Sandvik</u>, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims

because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, 209 F.3d 325; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. Taliani v. Chrans, 189 F.3d 597 (7th Cir. 1999); Sandvik, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. Akins, 204 F.3d 1086. Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, 544 U.S. 408.

Here, Petitioner is relying on his own ignorance and confusion. As set out above, unfamiliarity with the legal process and mistakes are not "extraordinary circumstances" that warrant equitable tolling. In the present case, the necessary diligence is

-5-

also lacking. According to Petitioner, he was aware of the one-year time limit, but simply miscalculated it by using the date of counsel's letter instead of the date of the actual denial. Yet, the date of that denial is plainly marked on the enclosure to counsel's letter. (Docket No. 79, Ex. 2.) Petitioner does not explain why he chose a different date. Petitioner is not someone who was ignorant of the existence of the one-year limit. He knew of the limit, but waited to file his claims until nearly the last day of what he believed was the time to file. This was so even though he had known of the facts behind all of his claims for about five years at the time his certiorari petition was denied. By waiting this long to file, he put himself in jeopardy of losing his claims to a mistaken calculation. He cannot complain now that one occurred. Petitioner has shown neither the extraordinary circumstances nor the diligence necessary to entitle him to equitable tolling.[3] His motion should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 76) be **GRANTED**, that Petitioner's motion to

---

[3] The fact that the motion was a mere two weeks late does not matter. The Fourth Circuit had upheld the denial of equitable tolling even in a death penalty case where the habeas petition was filed only one day beyond the deadline. Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003).

vacate, set aside, or correct sentence (docket no. 73) be **DISMISSED**, and that Judgment be entered dismissing this action.

                                         /s/ Donald P. Dietrich
                                         **Donald P. Dietrich**
                                 **United States Magistrate Judge**

October 28, 2009